# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON CRUZ,<br><br>       Petitioner,<br>  vs.<br>DAVID LONG, Warden,<br><br>       Respondent. | Case No. 14cv983 DMS (WVG)<br><br>**ORDER DISMISSING PETITION** |

Petitioner Simon Cruz, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. Section 2254. He challenges on due process grounds for insufficiency of the evidence his state court conviction for aggravated sexual assault on his step daughter who was under the age of 14. The petition was referred to United States Magistrate William V. Gallo for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d).

On January 25, 2011, Petitioner was convicted by a state court jury on two counts of aggravated sexual assault, twenty-one counts of lewd act with a child with the added allegations of substantial sexual conduct with a child under 14 years of age and an offense committed against more than one victim, four counts of lewd act with a child with the added allegation of an offense committed against more than one victim, five counts of lewd act with a child with the added allegation of substantial sexual conduct with a child under 14 years of age, and six counts of lewd act upon a child 14 or 15

years of age. Petitioner challenges only the constitutionality of his conviction on count 23 for aggravated sexual assault.

Because the Petition raised no factual disputes and the record had been fully developed in state court proceedings, Judge Gallo recommended denying Petitioner's request for an evidentiary hearing. *See Cullen v. Pinholster*, __ U.S. __; 131 S.Ct. 1388 (2011) & 28 U.S.C. § 2254(e)(2). Upon review of the fully briefed Petition and the extensive lodgment, he also found that the state appellate court conclusion that the evidence presented at trial was sufficient to satisfy constitutional due process requirements was neither contrary to nor involved an unreasonable application of clearly established federal law, and was not an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d). Accordingly, he recommended denying the Petition.

A district judge "may accept, reject, or modify the recommended disposition" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "The court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the *de novo* review is waived. Section 636(b)(1) does not require review by the district court under a lesser standard. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

In the absence of objections, the Court adopts the Report and Recommendation. Petitioner's request for an evidentiary hearing is denied and the petition is dismissed
/ / / / /

for the reasons stated in the Report and Recommendation. For the same reasons, certificate of appealability is also denied.

**IT IS SO ORDERED.**

DATED: November 25, 2014

HON. DANA M. SABRAW
United States District Judge